UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAFAEL ELLWANGER DASILVA                     CIVIL ACTION

VERSUS                                       No. 12-538 c/w 12-807
                                             REF: BOTH CASES

U.S. ATTORNEY GENERAL, ET AL.                SECTION I

## ORDER AND REASONS

In his complaint in *DaSilva v. U.S. Attorney General, et al.*, No. 12-cv-538 (E.D. La. filed February 29, 2012), Rafael Ellwanger DaSilva ("DaSilva") seeks to compel defendants to adjudicate his third Form I-485 application, filed on May 5, 2011.[1] In his amended complaint in *DaSilva v. Mayorkas, et al.*, No. 12-cv-807 (E.D. La. filed March 27, 2012), DaSilva seeks to remedy defendants' "unlawful denial" of the third Form I-485 and to remedy the administrative closure of his second Form I-485 application, filed on September 7, 2010.[2]

Before the Court is a Rule 12(b)(1) motion,[3] filed by defendants, U.S. Attorney General, et al., to dismiss both actions for lack of subject matter jurisdiction. DaSilva opposes the motion[4] and defendants have filed a reply.[5] The parties do not dispute that removal proceedings are ongoing.[6] For the following reasons, the motion to dismiss is **GRANTED**.

---

[1] R. Doc. No. 1.
[2] R. Doc. No. 15, ¶¶ 4, 96. DaSilva refers to this as his second petition at times, apparently not counting his first petition, which was filed during his prior marriage.
[3] R. Doc. No. 22.
[4] R. Doc. No. 31.
[5] R. Doc. No. 38.
[6] R. Doc. No. 37.

## BACKGROUND

### DaSilva's First Petition

DaSilva, a Brazilian citizen, lawfully entered the United States on a tourist visa on March 28, 2006.[7] He married Katrina McCarty, a U.S. citizen, on February 23, 2007.[8] On June 20, 2008, McCarty filed a Form I-130 petition for alien relative, and DaSilva filed a Form I-485 application for adjustment of status with U.S. Citizenship and Immigration Services ("USCIS").[9] A USCIS officer approved both forms. DaSilva acquired two-year conditional permanent resident status on November 4, 2008.[10] Before the two years expired, on April 15, 2010, DaSilva and McCarty divorced.[11] Accordingly, they never filed a Form I-751 petition to remove conditions on residence status.[12]

### DaSilva's Second Petition

On April 20, 2010, DaSilva married Brea Krausser ("Krausser"), a U.S. citizen.[13] On the basis of his marriage to Krausser, DaSilva filed a second Form I-485 on September 7, 2010.[14] DaSilva's two-year conditional permanent resident status, related to his first marriage, terminated on November 4, 2010.[15]

---

[7] R. Doc. No. 15, ¶ 8. All background "facts" are factual allegations contained in DaSilva's complaints, with the exception of the parties' stipulation that he is currently in removal proceedings. R. Doc. No. 37. DaSilva's amended complaint is unclear on that point. *See* R. Doc. No. 15, ¶¶ 80, 84 ("waiting indefinitely until USCIS decides at its will to place Plaintiff in removal proceedings is futile . . . . [DaSilva's family] could wait forever if Defendants decide to never put Plaintiff into removal proceedings. . . .").
[8] *Id.* ¶ 27.
[9] *Id.* ¶ 28.
[10] *Id.* ¶ 29.
[11] *Id.* ¶¶ 3, 29.
[12] *Id.*
[13] *Id.* ¶ 27.
[14] *Id.* ¶¶ 4, 33.
[15] *Id.* ¶¶ 3, 29.

On January 5, 2011, DaSilva and Krausser attended a marriage interview with USCIS Officer Mary Patin.[16] Because Patin suspected marriage fraud, she interviewed them separately.[17] During these interviews, Officer Patin "pelted Plaintiff and his wife separately with questions about why the couple was living together before they were married and why they had a child out of wedlock."[18] After the interview, Officer Patin stated she would "refuse to adjudicate" Plaintiff's Form I-485.[19] Although the Form I-130 was approved, the Form I-485 was "administratively closed" at some point.[20]

Concerned by Officer Patin's statement that she would not adjudicate his second Form I-485, DaSilva filed a Form I-751 petition to remove conditions on residence on January 18, 2011.[21] He based this Form I-751 petition on his first Form I-485 application which was associated with his first marriage.[22] USCIS issued a Form I-751 receipt notice stating DaSilva could lawfully remain in the United States until January 18, 2012, or during the pendency of the Form I-751.[23] Despite this notice, DaSilva received a notice of termination of conditional residence dated February 9, 2011.[24] On March 21, 2011, DaSilva received a notice to appear related to the commencement of removal proceedings.[25] On April 18, 2011, DaSilva withdrew his Form I-751 petition, concerned that its presence might impede the adjudication of his second Form I-485 petition.[26]

---

[16]*Id.* ¶ 36.
[17]*Id.*
[18]*Id.*
[19]*Id.* ¶ 37.
[20]*Id.* ¶ 38,
[21]*Id.* ¶ 39.
[22]*Id.* ¶ 39.
[23]*Id.* ¶ 40.
[24]*Id.*
[25]*Id.* ¶ 42.
[26]*Id.* ¶ 44.

**DaSilva's Third Petition**

On May 5, 2011, DaSilva filed a third Form I-485 (his second Form I-485 premised on his marriage to Krausser).[27] Krausser and DaSilva attended a marriage interview (their second) with Officer Patin on August 4, 2011.[28] According to DaSilva, his individual interview focused solely on his first marriage in an "obvious fishing expedition to gather evidence for a marriage fraud case."[29] At the advice of counsel, DaSilva refused to sign the answers Officer Patin had written down during the interview because they were "completely false" and part of "an obvious set-up attempt by Officer Patin to place Plaintiff in removal proceedings."[30]

On September 8, 2011, DaSilva's counsel complained to USCIS District Director Cindy Gomez that Officer Patin was refusing to adjudicate DaSilva's applications.[31] DaSilva alleges that various conversations on October 11, 2011, show that Officer Patin was attempting to "circumvent the law to punish Plaintiff for complaining about her by unlawfully throwing Plaintiff into removal proceedings."[32] On October 31, 2011, DaSilva, through counsel, mailed Director Gomez a second complaint detailing Officer Patin's "vendetta."[33]

On December 15, 2011, DaSilva's counsel was informed that DaSilva's third Form I-485 petition was still pending with Officer Patin.[34] DaSilva notified Director Gomez on January 17, 2012, that he would file a federal lawsuit should Director Gomez and Officer Patin continue to

---

[27] *Id.* ¶ 47.
[28] *Id.* ¶ 50.
[29] *Id.*
[30] *Id.*
[31] *Id.* ¶ 51.
[32] *Id.* ¶ 55.
[33] *Id.* ¶ 59.
[34] *Id.* ¶ 60.

refuse to adjudicate his Form I-485.[35] On February 13, 2012, DaSilva's counsel inquired and was again told that DaSilva's Form I-485 application was still pending.[36]

DaSilva filed a complaint on February 29, 2012, for "injunctive and mandamus relief," requesting that the Court compel the adjudication of his third Form I-485 application.[37] That same day, DaSilva also received a notice of decision on his third Form I-485 application. The decision stated that because DaSilva was already a conditional resident, his third Form I-485 would be denied.[38] DaSilva filed a second civil action on March 26, 2012, and his actions were consolidated on April 24, 2012.[39]

On July 10, 2011, USCIS Field Office Director Jonathan Crawford issued a notice of termination of conditional status, stating that DaSilva's conditional resident status had been terminated effective November 4, 2010.[40] The notice further stated that DaSilva could request a review of this determination while in removal proceedings. DaSilva was placed in removal proceedings the next day.[41]

On July 30, 2012, DaSilva filed his amended complaint in case number 12-807.[42] While his original complaint sought to compel the adjudication of his Form I-485 application, the amended complaint requests that the Court review that adjudication, arguing that the denial of his application violates governing statutes and regulations as well as the Constitution.

---

[35] Id. ¶ 61.
[36] Id. ¶ 62.
[37] R. Doc. No. 1, ¶ 90.
[38] R. Doc. No. 15, ¶ 67.
[39] R. Doc. Nos. 4, 15, ¶ 65.
[40] R. Doc. No. 15, ¶ 69.
[41] R. Doc. No. 37.
[42] R. Doc. No. 15.

In his amended complaint, DaSilva alleges, among other things, that certain individual defendants unconstitutionally denied his Form I-485 application because he and his second wife had their child before they were married and while he was still married to his first wife.[43] DaSilva also alleges that "[d]efendants continue to force Plaintiff to remain a Conditional Permanent Resident for the sole purpose of unlawfully blocking him from applying for permanent residents status."[44] He further alleges that defendants have demanded he file another Form I-751 based on his first marriage, solely to "embark on another unlawful fishing expedition."[45]

## STANDARD OF LAW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction. Rule 12(b)(6) provides for dismissal for failure of a party to state a claim for which relief can be granted. Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

A motion to dismiss for lack of subject matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161. Lack of subject matter jurisdiction may be found through an examination of: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus

---

[43]R. Doc. No. 15, ¶ 30.
[44]*Id.* ¶ 63.
[45]*Id.* ¶ 63.

the court's resolution of disputed facts. *See id.* Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *See Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995), and *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

## *DISCUSSION*

DaSilva contends that there is subject matter jurisdiction because he presents a federal question under the Mandamus Act, the Declaratory Judgment Act, the All Writs Act, and the Administrative Procedure Act ("APA").[46] Mandamus relief is inappropriate because, as discussed below, an adequate alternative remedy exists: the adjudication of his claims in immigration court and potential appeals to the Bureau of Immigration Appeals ("BIA") and the U.S. Court of Appeals for the Fifth Circuit. *See Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980). Neither the Declaratory Judgment Act nor the All Writs Act provides an independent basis for jurisdiction. *Id.*; *Brittingham v. Commissioner,* 451 F.2d 315, 317 (5th Cir. 1971). The Court proceeds to DaSilva's claim that jurisdiction exists under the APA.

The APA provides for judicial review of an agency action which is final and "for which there is no other adequate remedy." *Qureshi v. Holder*, 663 F.3d 778, 781 (5th Cir. 2011). "If there is no final agency action, a federal court lacks subject matter jurisdiction." *Id.* An agency action is not final "when removal proceedings are pending." *Id.* (quoting *Cabacang v. USCIS*, 627 F.3d 1313, 1317 (9th

---

[46]R. Doc. No. 15, ¶¶ 17-18; R. Doc. No. 1, ¶ 15.

Cir. 2010)). The APA does not support jurisdiction in this case because removal proceedings are pending.[47]

Separate from the APA's general finality requirement, 8 U.S.C. § 1252(a)(2)(B) expressly strips courts of subject matter jurisdiction to review discretionary adjustment of status decisions. According to Fifth Circuit precedent, "The law makes clear that we and the district court lack jurisdiction over determinations made with respect to an I-485 application for permanent resident status under § 1255" because those decisions are discretionary. *Ayanbadejo v. Chertoff*, 517 F.3d 273, 277 (5th Cir. 2008).

DaSilva contends that defendants' denial of his Form I-485 application was not a discretionary decision. Accordingly, he argues, 8 U.S.C. § 1252(a)(2)(B)'s jurisdiction-stripping provision does not apply.[48] *See Bokhari v. Holder* 622 F.3d 357, 359-60 & n.1 (5th Cir. 2010); *Pinho v. Gonzales*, 432 F.3d 193, 203-04 (3d Cir. 2005). Because the Court concludes that the agency action is not yet final, this Court need not reach DaSilva's arguments regarding whether the USCIS decision was discretionary.[49]

---

[47]DaSilva's arguments pursuant to 5 U.S.C. § 555(b) relate to agency inaction, which is not at issue given that the parties agree removal proceedings are ongoing. *Compare Bian v. Clinton, et al.*, 605 F.3d 249, 255 (5th Cir. 2010) (concluding Congress has precluded judicial review of the USCIS's pace of adjudication), *vacated as moot*, Nos. 09-10568, 09-10742, 2010 WL 3633770 (5th Cir. Sept. 16, 2010).

[48]*Id.* ¶ 20.

[49]The Fifth Circuit "has repeatedly held that discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection." *Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006).

DaSilva claims that the denial of his Form I-485 application violates his constitutional right to procedural due process. He also brings a *Bivens* action against Officer Patent and Director Gomez. Cloaking his immigration-law claims as constitutional claims does not circumvent the lack of subject matter jurisdiction. *See Aguilera v. District Director*, 432 F. App'x 916, 918 (11th Cir. 2011). While constitutional claims "are exempted from the category of non-reviewable decisions left to the discretion of the Attorney General," those claims will be subject to review by the Fifth Circuit, following the entry of a final removal order. *Ayanbadejo*, 517 F.3d at 277; *see also* 8 U.S.C. § 1252(a)(2)(D). "To the extent Congress decided to permit judicial review of a constitutional or legal issue bearing upon the denial of adjustment of status, it intended for the issue to be raised to the court of appeals during removal proceedings." *Lee v. USCIS.*, 592 F.3d 612, 620 (4th Cir. 2010) (citing *Hassan v. Chertoff,* 543 F.3d 564, 566 (9th Cir. 2008)).

For the foregoing reasons,

DaSilva's motions[50] to strike statements and exclude evidence are **DISMISSED** as **MOOT**.

Defendants' motion[51] to dismiss for lack of subject matter jurisdiction is **GRANTED** and DaSilva's complaints are **DISMISSED WITH PREJUDICE**.

Defendants have filed an additional motion[52] for dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In light of this Court's conclusion that it lacks

---

[50]R. Doc. Nos. 28, 40.
[51]R. Doc. No. 22.
[52]R. Doc. No. 23.

9

subject matter jurisdiction over DaSilva's claims, defendants' additional grounds in support of its motion for dismissal are not considered.

New Orleans, Louisiana, October 24, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**